

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GEORGE LUCAS,

        Petitioner,

    -v-                                       No. 08 Civ. 8405 (LTS) (FM)

JAMES CONWAY, Superintendent, Attica
Correctional Facility

        Respondent.
-------------------------------------------------------x

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On July 16, 2009, Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") recommending that the August 30, 2008, pro se petition ("Petition") of George Lucas ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and that a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) also be denied, due to Petitioner's failure to make a substantial showing of the denial of a constitutional right. Timely objections ("Objections") to the Report were received from Petitioner.

### BACKGROUND

Petitioner plead guilty, during the course of his trial, to one count of enterprise corruption and two counts of burglary in the second degree, admitting that he had led a burglary ring in several robberies. The convictions were affirmed by the Appellate Division on appeal; the Court of Appeals denied leave to appeal. Here, Petitioner seeks habeas relief vacating one of the second-degree burglary convictions. He argues that his guilty plea and the evidence adduced at trial were insufficient to support the conviction because the building housing the store that he

Copies mailed/faxed to Mr Lucas
Chambers of Judge Swein 2-25-11

robbed did not qualify as a "dwelling" because it consisted only of commercial and unfurnished space and at the time of the burglary the unfurnished portion was occupied only by a squatter who had lived there for many years. Petitioner also argues that his sentence was excessive and disproportionate to that of his co-defendants.

## DISCUSSION

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691(MJL), 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

Petitioner's Objections to the Report

The bulk of Petitioner's objections to Judge Maas's Report reiterate arguments asserted in his petition that were addressed directly in the Report. The Court has reviewed thoroughly the careful, thoughtful and detailed Report, and finds no clear error. In light of Petitioner's specific criticism of certain aspects of Judge Maas's analysis, and his implicit introduction of an additional ground for relief – ineffective assistance of counsel – the Court has analyzed de novo Petitioner's evidentiary sufficiency and ineffective assistance of counsel arguments.

Sufficiency of Evidence as to Second Degree Burglary

Petitioner's argument that a squatter-occupied commercial building cannot, as a matter of law, constitute a dwelling within the meaning of the second-degree burglary provision of New York's Penal Law is founded entirely on Petitioner's own interpretation of sections of Black's Law Dictionary. The dictionary is not, needless to say, part of the state's law. For substantially the reasons set forth in the Report this Court concludes, upon de novo review, that the evidence of long-term squatter occupancy was sufficient to establish that the structure was a "dwelling" within the meaning of Penal Law §140.00(3) and that the state court's decision affirming the conviction was neither contrary to nor an unreasonable application of federal law.

Ineffective Assistance of Counsel

Although a court ordinarily need not consider any arguments not presented to a magistrate prior to the filing of his report and recommendation, see, e.g., Borden v. Sec'y of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987), in the instant case, the Report was filed before the deadline Judge Maas had set for Petitioner to reply to Respondent's Opposition to the Petition (docket entry nos. 8, 12, 14). Because it may be presumed that Petitioner's additional

argument would have been presented in any such reply, the Court will address it here.

In his Objections, Petitioner asserts that "his reliance upon his trail [sic] attorney's advice was clearly misplaced," and that "[c]ounsel should have realized" that there was insufficient evidence to support the burglary count that Petitioner challenges here. (Objections at 4.)

As noted in the Report, a court may not grant a habeas petition based on a particular claim unless the petitioner can show he has exhausted all available state court remedies by presenting the substance of the same federal constitutional claim that he now seeks to raise in federal court. Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001). Petitioner did not raise any claims of ineffectiveness of counsel before the Appellate Division, may not pursue a second direct appeal, and is generally barred under N.Y. Criminal Procedure Law § 440.10(2)(c) from raising a motion to vacate the judgment based on any arguments for which the trial record provided an adequate basis for review, but which were not raised on direct appeal. However, the Supreme Court has recognized that a trial record will often be inadequate for the purpose of litigating an ineffectiveness-of-counsel claim, and that a petitioner's failure to raise such a claim on direct appeal will not necessarily bar collateral review of the issue in a subsequent proceeding. Massaro v. United States, 538 U.S. 500, 504-05 (2003).

Petitioner's claim of ineffective assistance of counsel remains unexhausted at the state level. Under certain circumstances, it is appropriate for a court to stay a habeas petition in order to permit a petitioner to exhaust his available state remedies with respect to a particular claim. See, e.g., Jelinek v. Costello, 247 F. Supp. 2d 212, 224-25 (E.D.N.Y. 2003). However, if a claim is without merit, it would be an abuse of the Court's discretion to grant Petitioner leave

to exhaust that claim before the state courts, rather than denying it on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005). Although the Second Circuit has not established a standard for determining when it is appropriate to deny an unexhausted claim on the merits, courts within the circuit have generally held that such a claim should be denied where it is "patently frivolous," "nonmeritorious," or fails to raise "even a colorable federal claim." Rosario v. Bennett, 01 Civ. 7142(RMB)(AJP), 2002 U.S. Dist. LEXIS 24495, at *58-59 (S.D.N.Y. Dec. 20, 2002) (collecting cases and noting a range of standards followed by district courts within the circuit).

A criminal defendant seeking relief from a judgment allegedly tainted by ineffective assistance of counsel must satisfy two requirements. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). The Second Circuit has recognized that "[w]e are also instructed, when reviewing decisions by counsel, not to second-guess reasonable professional judgments and impose on . . . counsel a duty to raise every colorable claim on appeal." Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998) (omission in original) (internal quotation marks and citation omitted).

A defendant alleging ineffective assistance of counsel must also show that his counsel's performance was so defective as to prejudice the defense presented. Strickland, 466 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In the context of a plea agreement, this means that

> a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal.

> Rather, the shortcomings of [a plea agreement] cast doubt on the validity of [a defendant's] plea only if they show either that he made the unfavorable plea on the constitutionally defective advice of counsel, or that he could not have understood the terms of the bargain he . . . agreed to.

Bradshaw v. Stumpf, 545 U.S. 175, 186 (2005). "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Applying these principles to the case at hand, the Court finds that Petitioner has not shown, and cannot show, that the performance of either his trial counsel or appellate counsel was constitutionally deficient. As explained in the Report, it is clear that Petitioner might easily have been convicted of burglary in the second degree on the evidence that was before the trial court, and, as noted in the Report, would have been exposed to the possibility of receiving a sentence two and a half times longer than what he accepted in his plea bargain. (Report at 18.) Even had Petitioner been convicted of the lesser third-degree charge which he claims was required by the facts, he would still have been sentenced as a second felony offender or second violent felony offender for each of the three felony charges against him, the other two of which he does not contest, and would still have faced a possible sentence over twice as long as the one he accepted. See N.Y. Penal Law §§ 70.04, 70.06, 140.20, 140.25.

Trial counsel's advice to plead guilty to the charge in question was thus well within the boundaries of reasonable professional advice. Nor does it appear that, on appeal, Petitioner could have met the high bar required to establish constitutionally defective assistance of counsel, had that claim been raised. Any claim of ineffective assistance of appellate counsel

must also, therefore, fail. Finally, under any of the range of standards followed by courts in this jurisdiction, it would be inappropriate for the Court to stay this Petition in order to allow Petitioner leave to exhaust, before the state courts, a claim that is plainly without merit.

## CONCLUSION

The Court adopts the Report and Recommendation issued by Magistrate Judge Maas in its entirety, and finds Petitioner's additional claim to be without merit. The petition for a writ of habeas corpus is, accordingly, denied. Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate will be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this burden, and so declines to issue a certificate of appealability. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
February 25, 2011

LAURA TAYLOR SWAIN
United States District Judge